## JACKS *v.* REEVES.

### Opinion delivered April 16, 1906.

1. APPEAL—RULE AS TO ABSTRACTS.—Rule nine, in requiring the appellant to file an abstract or abridgment of the facts, did not intend to compel counsel to abridge the testimony when he felt it necessary to set it forth in full.    (Page 428.)

2. SAME—PRESUMPTION FROM FAILURE TO ABSTRACT INSTRUCTIONS.—Failure of appellant to set forth the instructions of the court in full in his abstract raises the presumption that correct instructions were given curing those complained of, wherever they are curable.    (Page 428.)

3. NEGLIGENCE—MAINTENANCE OF WIRE IN HIGHWAY.—One who maintains a wire in and along a public highway is charged with the duty to take care that it shall be constructed of good materials in a substantial manner so as to withstand all strains that may reasonably be anticipated, and that it shall be maintained in good order.    (Page 428.)

4. SAME—PRESUMPTION.—Upon proof that defendant permitted a wire to sag down in the highway for two days, and that, while plaintiff was driving along, the top of her surrey was caught and her horse frightened, so that he ran away and injured her, a *prima facie* presumption of negligence on the part of the defendant is raised, which is not rebutted by proof that defendant had given general orders to his men to repair the line whenever it was reported to be out of order.    (Page 429.)

5. CONTRIBUTORY NEGLIGENCE—FAILURE TO SEE WIRE.—It is not contributory negligence for a traveler driving along a public highway in a covered vehicle to fail to see a wire which sagged down so as to catch the top of the vehicle.    (Page 430.)

6. SAME—INFANT DRIVING HORSE.—It is not contributory negligence for a fourteen-year-old girl, accompanied by two grown women, to drive a gentle horse along a public highway in daytime.    (Page 431.)

7. SAME—ACTS IN EMERGENCY.—When one is placed in danger through the negligence of another, his action in the emergency suddenly thrown upon him can not be weighed in scales to determine whether he acted wisely or foolishly in the imminency of great danger.    (Page 431.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

Mrs. J. L. Jacks sued W. D. Reeves for damages for personal injuries alleged to have been caused by the negligence of defendant in the construction and maintainance of a telephone line along a highway. The complaint alleged that as plaintiff was driving along the road the top of the carriage was caught

by defendant's wire and torn off, causing the horse to become frightened, run away and throw her violently to the ground, whereby she suffered physical pain, etc.

The answer denied negligence, and alleged contributory negligence.

Verdict and judgment were for defendant. Plaintiff has appealed. The other facts are stated in the opinion.

*R. W. Nicholls* and *W. G. Dinning,* for appellant.

1. It was error to instruct the jury "that the plaintiff, in order to entitle her to recover damages under this action, is required to *prove* that the accident occurred through the negligence of W. D. Reeves." The accident and cause being shown, a *prima facie* case of negligence is made out, and it devolved upon defendant to prove that the occurrence was unavoidable. The maxim, *"res ipsa loquitur,"* applies. 57 Ark. 435; *Ib.* 421; 54 Ark. 213.

2. The burden of proving contributory negligence is on him who pleads it. 61 Ark. 549; 46 Ark. 423; *Ib.* 182. Appellant was under no obligation, being upon the public highway, to look for possible obstructions in mid-air. Neither was she required to leave the highway. 80 S. W. 411.

*John I. Moore* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The appeal should be dismissed for non-compliance with Rule 9. A literal copy of parts of the evidence is no abstract, within the meaning of the rule, and the instructions are not set out.

2. No proper exceptions were saved to the instructions. Where there is a single charge to the jury, the parts objected to must be specifically pointed out. 73 Ark. 316.

3. If an instruction is defective in form, and exceptions sought to be taken thereto, specific objection should be made, and a form suggested that would be more acceptable. 66 Ark. 46; 65 Ark. 255; *Ib.* 63; 66 Ark. 267; 73 Ark. 594.

4. Where negligence is denied, the burden of proving it is necessarily on the plaintiff. 1 Thompson on Neg. § 45. It was therefore proper to instruct the jury that plaintiff was required to prove that the accident occurred through the negli-

gence of defendant. The doctrine *res ipsa loquitur* is not in conflict with this rule. It only means that the plaintiff may prove a state of facts from which negligence will be inferred. 1 Thompson on Neg. § 15. The plaintiff must present proof of the facts necessary to the recovery which he seeks. Keasbey on Elec. Wires, § 232.

5. The whole question of negligence, both on the part of the defendant and of the plaintiff, was for the jury. Croswell on Elec. § 250; Keasbey on Elec. Wires, § 230; 76 Ark. 88. See also 54 Ark. 17; 57 Ark. 435.

HILL, C. J. 1. The appellee insists upon a dismissal of the appeal on the ground that the abstract is not prepared in accordance with Rule 9, in that parts of the evidence are copied literally and not abstracted, and the instructions are not set out in full. Counsel for appellant believed it was necessary to set forth in detail the evidence of the respective litigants, so as to fully present his cause, and the other testimony was stated. Counsel should always abstract and condense, where he can do so without injury to a proper presentation of the case, but the rule was never intended to compel the counsel to abstract when he felt it necessary to set forth in full. The instructions should always be set forth in full, and a failure to do so invokes the presumption that correct instructions were given curing those complained of, if they are curable. *Carpenter* v. *Hammer,* 75 Ark. 347, and cases there cited.

2. The charge consists of nine separate paragraphs, but they are not numbered, and the exception is to each and every instruction. The motion for new trial sets forth so much of the charges as it assigns as error. Appellee insists that this is an unavailing exception. The question of general and gross exceptions is discussed in *Darden* v. *State,* 73 Ark. 315; *Young* v. *Stevenson,* 75 Ark. 181; *Wells* v. *Parker,* 76 Ark. 41.

This case is disposed of on another ground, and the court will not pass upon this question.

3. The instruction chiefly complained of is this: "That the plaintiff, in order to entitle her to recover damages under this action, is required to prove that the accident occurred through the negligence of W. D. Reeves."

Abstractly, this is, of course, correct. No liability rested

upon him except through negligence, but the instruction was misleading in this case in not being qualified or coupled with another one explaining that the evidence of the accident and injury following therefrom, when the occurrence was not out of the usual course, was *prima facie* evidence of negligence, and shifted the burden on to the defendant to prove that it was not caused by any want of care on his part. The facts disclosed in evidence brought this case squarely within this rule as announced in *Railway Company* v. *Hopkins*, 54 Ark. 213; *Railway Company* v. *Mitchell*, 57 Ark. 418; *Arkansas Telephone Co.* v. *Ratteree*, 57 Ark. 429.

The application of this rule to the duty of the owners of electric wires to the passerby is thus stated: "The occupier is not liable in the absence of negligence; but in some cases, as for example, the falling of an object from a building upon the highway, the accident itself, in the absence of explanation, is evidence of negligence. The maxim *res ipsa loquitur* is applied, and the defendant can only discharge himself by showing affirmatively that the accident was due to some cause consistent with due repair and careful management of the structure." Keasbey on Electric Wires, § 232.

It is said that, the foregoing instruction being abstractly correct, appellant should have asked the qualification, and, failing to do so, can not complain of the court failing to give what was not asked when what was given was a correct statement so far as it went. Probably this is the correct view. As the case must be reversed on another ground, it is unnecessary, as heretofore stated, to decide these questions of practice.

4. The facts, briefly stated, are: Reeves owned a private telephone line running from his sawmill into the city of Helena. It was strung on trees and posts, and at places in the public road. The line was illy constructed, and usually in bad condition at places. The place in question was on one of the leading thoroughfares out of the city of Helena, about a mile and a half from the city. Owing to a broken pole, the wire sagged over the highway, and was in this condition for two days prior to the accident. In broad daylight Mrs. Jacks, Mrs. Fitzpatrick and Miss Ione Fitzpatrick, drove along this road in a surrey drawn by a gentle horse. Miss Fitzpatrick was driving, and the other

ladies were in the rear seat. The sagging wire caught the top of the surrey, made a rasping, scraping noise, tore off the top, and frightened the horse into running. The evidence is not clear whether Mrs. Jacks was thrown out or in her fright jumped out. Her last remembrance was the crash of the top of the surrey. She was seriously injured. The only evidence to rebut the presumption of negligence was that of Mr. Reeves. He says his teamsters passed this road nearly every day, and were instructed to give notice of the line being "out of fix," and he had the line repaired when out of order. He was absent for several months, and left instructions with the foreman to repair it when it was reported out of order by the teamsters. No other means were adopted. There is a total dearth of evidence as to whether teamsters were passing at this time, whether the broken pole and sagged wire were observed or reported. The whole defense rested on mere instructions to teamsters to report to the foreman and to the foreman to repair when reported, and that some teamsters usually passed there every day. The evidence is uncontradicted that the line was usually in bad order, and was crudely constructed along a much-traveled road, and the pole and wire, which caused this injury, were down for at least two days prior to the accident. It is obvious that this evidence was wholly insufficient to rebut the presumption of negligence.

The rule is thus stated: "Entirely apart from the fact that the wires may be charged with a dangerous current, the fact that such a structure is set up in a public street; even though duly authorized, involves the obligation to take care that it shall be constructed of good materials, in a substantial manner, so as to withstand all strains that may reasonably be anticipated, and that it shall be maintained in good order." Keasbey on Electric Wires, § 233.

The appellee failed to affirmatively show "that the accident was due to some cause consistent with due repair and careful management of the structure." Keasbey on Electric Wires, § 232.

The appellee contends that the question of contributory negligence was properly submitted to the jury, and that there was evidence justifying the jury in finding appellant guilty of contributory negligence. The statement from Keasbey, *supra,* (§ 230)

is relied upon: "It is not to be expected that a man in driving, or even in walking along a street, will see a small wire stretched across the way or lying upon the pavement when he has a right to suppose that the street is unobstructed; and the fact that he runs into such a wire is not held, as a matter of law, to be contributory negligence, but the question whether he exercised due care will be left to the jury." The author cites no authority for this statement, but likely it is a fair deduction from the cases. Many of them are reviewed and cited in this section, and they are cases where the traveler saw the wire or knew it was there. Conceding, without deciding, the above statement to be correct, still it does not reach to this case. Certainly it is not expected or required of a traveler driving easily along the middle of a much-traveled highway to be looking up to see if perchance a stray wire is in reach of the top of the vehicle.

It is said that contributory negligence may have been inferred from permitting a fourteen-year old girl to do the driving. It can not be said as a matter of fact or of law that it is negligence for a fourteen-year old girl accompanied by two grown women to drive a gentle horse along a public highway in broad daylight.

It is also said that if Mrs. Jacks had stayed in the surrey, instead of jumping out, she would not have been injured. The evidence is not clear whether Mrs. Jacks jumped out or was thrown out; nor is it the least material. When any one is in danger through the negligence of another, his action in the emergency suddenly thrown upon him can not be weighed in scales to determine whether he acted wisely or foolishly in the imminency of great danger. This has been too often held to need citations. The court fails to find any contributory negligence in evidence.

The judgment is reversed, and cause remanded for a new trial.

WOOD, J., dissents; McCULLOCH, J., disqualified and not participating.