FIELDS *v.* FREEMAN.

Opinion delivered July 2, 1928.

*C. H. Herndon,* for appellant.

*Jerry Witt,* for appellee.

SMITH, J. Appellant, W. A. Fields, brought suit for himself and on behalf of two of his minor children to recover damages to his automobile and to compensate injuries sustained by his children as the result of a collision between his automobile in which he and his children were riding and one driven by appellee. The cases were consolidated and tried together, and from a verdict and judgment in favor of appellee is this appeal.

Appellant was driving through the town of Mount Ida, on a street which is a part of State Highway No. 27, and one of the two children was on the front seat of the car and the other on the rear seat. Appellee was driving out of an alley into this highway when the collision occurred. As is usual in such cases, each driver excused himself and blamed the other.

The testimony on the part of the appellee was that he drove out of the alley in low gear and at a low speed, and, after he had driven about twenty-five feet down the

street from the point of intersection of the street and alley, he saw appellant approaching at a speed of about twenty miles per hour and on the left-hand side of the street, which was forty-two feet in width. Appellant was driving south, and there were cars parked on the right, or west side of the street, and he was driving ten feet east of the center of the street.

Appellee testified that, after turning into the street, driving north, he saw appellant's car approaching rapidly, and he observed that appellant was not keeping a lookout, and was on the wrong side of the street, so he applied his brakes and yelled at appellant to attract his attention, as he did not have time to blow his horn after observing that appellant was not looking ahead. Immediately after the impact, appellant stated that he did not know whether he placed his foot on the brake or on the accelerator.

We do not state appellant's version of the collision, as we must assume, in testing the sufficiency of the evidence, that the jury accepted as true the testimony which tends to support the verdict returned.

The court submitted the case to the jury under correct instructions, which told the jury that, if appellee was negligent and appellant was not, all the plaintiffs were entitled to recover, but, if the negligence of each contributed to the injury, appellant could not recover. The court further instructed the jury that the negligence of appellant, if he was found to be negligent, could not be imputed to his children, and that they were entitled to recover if the negligence of appellee contributed to their injury. As a verdict was returned against all the plaintiffs, we must assume that the jury found that appellee was not guilty of any negligence contributing to the injury of the infant plaintiffs. We think the testimony is legally sufficient to support that finding.

The court charged the jury, under § 19 of act 223 of 1927 (Acts 1927, page 721), an act entitled, "A uniform act regulating the operation of vehicles on highways," that appellant had the right-of-way over appellee, who

was driving into a public highway from a private alley, but refused to charge the jury that appellee was guilty of negligence as a matter of law if he failed to comply with certain other provisions of this act and with § 7426, C. & M. Digest, in regard to the speed of an automobile in rounding a corner, but left the jury to say whether the conduct of appellee was that of a prudent man under the circumstances. There was no error in this, as it was recently held, in the case of *Pollock* v. *Hamm, ante* p. 348, that the violation of the State traffic statutes is merely evidentiary of negligence and is not conclusive of that issue.

The case appears to have been properly submitted to the jury, and the testimony on appellee's behalf is sufficient to support the finding that appellee was guilty of no negligent act causing or contributing to the injury, and the judgment in all three cases must therefore be affirmed, and it is so orderd.