REPUBLIC MINING & MANUFACTURING COMPANY *v.* MAY.

Opinion delivered November 23, 1931.

*J. S. Utley* and *Wm. T. Hammock,* for appellant.

*R. D. Lee, Barber & Henry* and *Troy W. Lewis,* for appellee.

McHANEY, J.   Appellee brought this action against J. M. McNeill, Dr. E. A. Buckley, and appellant, to recover his fees for professional services rendered said Mc-

Neill from the 25th day of November, 1925, to July 26, 1929, at the request of Dr. Buckley, who is the chief surgeon of appellant's hospital at Bauxite, Arkansas. McNeill was an employee of appellant and had received a severe injury to his right leg in the course of the performance of his duties as such employee and had been unsuccessfully treated at appellant's hospital by Dr. Buckley. Appellee alleged that Dr. Buckley, acting as agent for appellant, brought McNeill to his office, employed him to treat McNeill for said injury, and agreed that appellant would pay him a reasonable sum for his services; that he accepted such employment, began treating McNeill and that his fees for such services were of the reasonable value of $3 per treatment for a total of 340 treatments or $1,020, for which amount he prayed judgment.

McNeill did not answer, and judgment was taken against him by default. Dr. Buckley and appellant answered separately, denying all the allegations of the complaint. A trial to a jury resulted in a verdict and judgment against appellant alone for the sum sued for, $1,020.

For a reversal of the case it is first urged that the verdict is contrary to the evidence. In determining this question, we must view the evidence in the light most favorable to appellee, and, if there is any substantial evidence to support the verdict, this court will not set it aside on this account. Considering the evidence in this way, the following facts are established: In 1919 McNeill received an injury to his leg which tore off the skin and flesh from the ankle to the knee, exposing both bones. He was taken to appellant's hospital in Bauxite where his injuries were treated with indifferent success to November 25, 1925. He was not confined in the hospital after December, 1919, but continued to work for appellant, and made frequent trips to the hospital for treatments. In 1922 he made a settlement with appellant for $1,250, but stated that a part of the consideration was that appellant would continue to treat his leg, which it thereafter did, in accordance with the superintendent's

oral agreement at the time he signed the release. Treatments were continued at the hospital until November 25, 1925, when Dr. Buckley brought him to Dr. Carruthers in Little Rock, who examined the leg, advised that Dr. May be consulted, and that they all went to see Dr. May, who advised them he could cure the leg with violet ray treatments, but it would take a long time. Dr. Buckley agreed that appellant would pay any reasonable charges, and that appellee should send appellant his bill when a cure was effected. Treatments began at once and continued to September, 1929, during which time 340 treatments were given. During all this time McNeill was in appellant's employ, asked for and received permission from appellant to come to Little Rock to Dr. May for all these treatments without loss of time or salary deduction. For a time such trips were made daily and later twice a week. The officers of appellant knew he was taking the treatments and told him to go ahead and take them. No other treatments were given by Dr. Buckley at the hospital after he took him to Dr. May. Appellant paid Dr. Carruthers for the examination he made without question. We think these facts are sufficient to establish the fact that appellee was employed by Dr. Buckley with the knowledge and consent of the executive officers of appellant, and that, if he did not have the express authority as an agent of appellant, his act in doing so was ratified by it.

It is true that appellant's witnesses denied that they had authorized the employment of appellee, but they admitted that they knew that McNeill was taking these treatments, and they testified that they authorized Dr. Buckley to take him to Little Rock to consult a specialist. In addition to this, McNeill said that he talked to the superintendent the next day after his first treatment, and that the superintendent asked him if he thought Dr. May could cure him, and that he told the superintendent he thought he could, and that the superintendent told him it would be all right and to go ahead. There are other

facts and circumstances that might be stated, but this, we think, is sufficient to take the case to the jury.

It is next said that appellee should be limited in his recovery to the sum of $500, because that is the amount for which he sent bill to appellant after effecting a cure on McNeill. But the proof shows that appellee sent that bill in that amount to effect an immediate settlement; that he informed it in a separate letter that his bill was really about $1,100, but that for immediate payment he would accept $500. Appellee stated that his usual charge for treatments of this kind was $5 each, but that, because it took so long and so many of them, he reduced the charge to $3 per treatment. Although appellee is contradicted to some extent by his bill and by letters, we think it was a question for the jury to determine, and, having determined it in appellee's favor, this court will not disturb it for lack of sufficient evidence to support it.

It is finally insisted that the court erred in giving instruction No. 2 at appellee's request over its objection. This instruction told the jury that, if they should find that Dr. Buckley was not authorized to employ appellee, but that he did so without authority from appellant, still, if they found by a preponderance of the evidence that Dr. Buckley did employ appellee and that appellant later ratified the employment, the verdict should be for appellee. No specific objection was made to this instruction, but it is now argued that the court should have instructed the jury as to what constitutes ratification. The instruction was not inherently wrong, but was a correct declaration; and, if appellant desired the court to instruct on what constituted ratification, it should have requested an instruction in that regard, or at least made a specific objection embodying the argument now made. We find no error, and the judgment is accordingly affirmed.