FORT SMITH TRACTION COMPANY *v.* OLIVER.

Opinion delivered February 22, 1932.

*Hill, Fitzhugh & Brizzolara,* for appellant.

*Partain & Agee,* for appellee.

BUTLER, J. This is an appeal from the Crawford Circuit Court, in which a judgment was rendered in favor of Charles Oliver against the Fort Smith Traction Company for damages for personal injury in the sum of $3,500.

The material facts that are undisputed are as follows: Appellee, Charles Oliver, boarded appellant's street car in the city of Van Buren to go to Fort Smith in the early evening of February 15, 1931. The track of appellant's street railway system passes from the city of Van Buren in a southerly direction across the Arkansas River over a public bridge. As the street car on which appellee was riding as a passenger was passing across the bridge from north to south and when it was within perhaps one hundred and fifty feet of the south end of the bridge, an automobile traveling from the opposite direction collided head-on with the street car in such manner that the street car and the automobile became fastened together. There were several persons in the automobile, some of whom were injured. On either side of the bridge was a walkway for pedestrians, who, on entering the bridge, would turn to their right—those traveling from south to north would travel along the east walkway and those from north to south along the west walkway. At the point where the street car and the automobile collided there was a public gas pipe about 18 inches in diameter which ran parallel with the street car track a sufficient distance from the track to give a

space of about 18 inches between the side of a street car and the pipe. On the east side of the bridge at the north end was a telephone booth. In attempting to go from the street car back to the telephone booth to call for an ambulance the appellee was run down and injured by an automobile which was passing along the bridge from Fort Smith to Van Buren.

The theory on which the appellee based his right of recovery against the appellant was that he left the street car at the request of the motorman, who told him where the telephone was located and requested that he go to that place and from there call an ambulance; that in attempting to comply with the request of the motorman appellee descended through the west door at the front of the street car down the steps and into the space between the gas pipe and the street car and went north between the pipe line and the car to the back or north end of the car. When he reached this point he started across the car track toward the east for the purpose of getting on the walkway going on north to the telephone booth. As he was passing behind the street car, it made a sudden and unexpected backward movement, and, in an endeavor to avoid being injured by it, he jumped from behind the street car on to that part of the bridge used for the passage of automobiles and was struck by an automobile driven by one Bonnie Ruth Hill, and injured.

As to what occurred from the time of the collision relating to the request made by the motorman of the appellant to appellee, the manner in which he undertook to obey that request, and the movement of the street car thereafter and just preceding the injury, the testimony is in direct conflict. That upon the part of the appellee was to the effect that the motorman made the request directly to the appellee to go to the telephone; that in complying with this request he went in the direction alleged and was injured by the negligent backward movement of the street car which caused him to spring from behind the street car in front of the automobile. This, in effect, was the testimony of the appellee him-

self, which was corroborated by the testimony of Randolph Bryant, who stated that he was on the bridge on the right-hand side in an automobile going across the bridge to Fort Smith; that he stopped when he got opposite the point of collision between the street car and the automobile and observed a man get out of the street car on the same side witness was on and go down the side of the car toward Van Buren; that, as the man went around behind the street car, it "jerked back" and moved five or six feet according to witness' judgment, and the appellee was struck by an automobile. Witness was unable to state how far from the rear of the street car appellee was when struck, but stated that he was close to it.

The motorman denied telling the appellee to go back to the telephone, but stated that he made a request of the passengers generally that some one of them do this; that he did not open the car to let any one get out, but that the door had been opened by the jar when the collision occurred; that when he asked that some one go to the telephone he had his back to the passengers and did not look to see if any one went or not, but that in about a minute from the time he made the request the appellee suffered the injury complained of; that from the time of the collision until after the injury to the appellee there was no movement made by the street car. He and other witnesses for the appellant stated that it would have been impossible for the street car to move because the brakes were set, and the appliance for releasing them had been broken. The motorman further testified that, when the wrecker arrived to get the automobile, he made an attempt to move the street car, but could not do so, and it was not moved until a mechanic came and released the brakes about 45 minutes after the appellee was hurt.

There was some testimony to the effect that the appellee was not struck while close to the rear of the street car, as testified to by himself and Bryant, but at a point from 60 to 150 feet north of the same.

At the conclusion of the evidence the appellant moved the court for a directed verdict in its favor, and

now argues that it was error to refuse to so instruct the jury; that the evidence fails to establish actionable negligence on the part of the motorman as the proximate cause of the accident, and that the injury occurred to the appellee because of negligence on his part contributing to its happening, and that for these reasons the judgment here should be reversed and the case dismissed.

Appellant further contends that the court erred in giving instruction No. 1 on behalf of the plaintiff, because that instruction attempted to submit the case to the jury on the theory that there was an emergency. We have examined the instructions and have reached the conclusion that they state the law applicable to the facts in a light as favorable as the appellant could ask. In our opinion it is quite immaterial whether or not, for the time being, the relation of master and servant existed between the appellant and the appellee by reason of an emergency and the authority given the appellee to go to the telephone. In this case liability of the appellant does not depend upon that relationship, but on whether or not, after the motorman had requested a passenger to go to the telephone informing the passengers where the telephone was, he made a sudden backward movement of the car which he ought to have foreseen might result in injury to the passenger obeying his request. Since the jury, who were the sole judges of the credibility of the witnesses, have accepted the testimony on the part of the appellee as true, we must consider and weigh that evidence in the light most favorable to the appellee and indulge all reasonable inferences arising from it in his favor.

The law applicable is contained in instructions Nos. 6, 7 and 8 given by the court at the request of the appellant. These instructions, in effect, told the jury that some negligent act on the part of the motorman must have been shown which he ought to have anticipated might occasion an injury, and if the motorman backed the car after appellee started to the telephone he would not be guilty of negligence unless he should have foreseen that

an injury might result as the consequence of his act. Boiled down, instruction No. 1 merely states the converse of these instructions. Therefore, if the reasonable inference can be drawn from the testimony accepted by the jury that the motorman knew that the appellee had started back to the telephone and that a sudden backward movement of the street car might cause injury to him, then this act upon the part of the motorman was a negligent one. The motorman knew where the telephone was located, and that he had directed the appellee where to find it. The reasonable inference is that he knew that appellee would take the usual and most direct route to that point, that, in order to do so, appellee would necessarily have to pass behind the street car, and that he ought to have foreseen that a backward movement of the car might result in injury to the appellee. It was a very short period of time, according to the testimony of the motorman himself, from the time he made the request that the ambulance be called by telephone until the appellee was injured. He estimated it at about a minute and the jury were justified in concluding that the movement of the street car under these circumstances was negligence.

The question of the contributory negligence of the appellee was submitted to the jury, and we are of the opinion that they were justified in finding that under the circumstances he was acting with ordinary care. By the backward movement of the street car he was confronted with an unexpected danger, and he could not be held to that degree of deliberate care which otherwise might have been required and cannot be held to be guilty of negligence *per se* because he chose the way of escaping danger by a method which placed him in the way of another where his conduct would not have been obviously unnecessary, unheedful and dangerous. *Jacks* v. *Reves,* 78 Ark. 426, 95 S. W. 781; *Woodson* v. *Prescott,* 91 Ark. 388, 121 S. W. 273.

Although appellant's street car did not strike the appellee, its backward movement was the proximate cause of the injury, even though affected directly by an-

other concurring cause—*i. e.*, the automobile of Bonnie Ruth Hill. *Bona* v. *S. R. Thomas Auto Co.*, 137 Ark. 217, 208 S. W. 306; *C. R. I. & P. Ry. Co.* v. *Jenkins*, 183 Ark. 1071, 40 S. W. (2d) 439.

The record presents no prejudicial error, and, as there is substantial testimony to support the finding of the jury, the judgment of the trial court is affirmed.