BRANDON TIE & LUMBER COMPANY *v.* OSBORN.

4-3915

Opinion delivered June 17, 1935.

*Joe C. Barrett*, for appellant.

McHANEY, J. Appellee contracted with appellant to cut, peel and deliver at a certain place, piling timbers. For cutting, peeling and delivering he was to receive four cents per lineal foot. For peeling and delivering piling already cut in the woods, he was to receive three cents per lineal foot. Both parties agree that this was the contract. The difference between them is in regard to the place of delivery. Appellee sued appellant for $202, claiming that appellant, through its agent, Joe Nelson, discharged him from the job and put another in his place to do the work before it was completed. Appellant defended on the ground that it did not discharge him, but that appellee gave up the job, failed to complete his contract, and consented to and approved of the selection of another to complete the work. Both questions were submitted to the jury, and it found against appellant and for appellee for $150. Judgment was entered accordingly.

For a reversal of the judgment, appellant first contends there was no substantial evidence to support the verdict, and that the court erred in refusing to direct a verdict in its favor at its request. We cannot agree. Appellee testified quite positively that Nelson ran him off the job, told him he didn't have any job there any longer.

This was denied by Nelson, who stated that appellee asked him to get some one else to do the job. This was sufficient to take this question of discharge to the jury.

It is also argued that the court submitted the wrong measure of damages. Appellant asked an instruction that the measure of damages, if any, recovered is the difference between the contract price for full performance of the contract and the cost of completing same. The court correctly refused this instruction, conceding it to be a correct declaration in a proper case. Here the contract did not call for any definite amount of piling which had to be cut, peeled and hauled or any definite amount already cut, which had to be peeled and hauled. So there is no room or no basis for the application of such a measure of damages.

The principal questions were ones of fact, and since there was substantial evidence to support the verdict, we must permit it to stand. The instructions given correctly applied the law to the facts of this case, so the judgment must be affirmed.