CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
*v.* MANUS.

4-4481

Opinion delivered January 11, 1937.

*Thos. S. Buzbee, H. T. Harrison, A. S. Buzbee,* for appellants.

*Williams & Williams,* for appellee.

MEHAFFY, J. This suit was instituted in the Logan circuit court by appellee against the appellants to recover for personal injuries alleged to have been sustained by appellee while in the employ of the appellants as a section laborer near Mansville, Oklahoma. Appellee alleged that the appellants were common carriers in interstate commerce, and that he was in the employ of the appellants in interstate commerce and while so employed was injured; that he and another employee, un-

der appellant's foreman, Ellis, were loading oil barrels containing oil onto a pushcar; that ordinarily at least three men and more properly four men did this work; that the foreman was holding the pushcar to keep it from rolling down a slight incline, and appellee and the other employee lifted one of the oil barrels, while the foreman held the pushcar in the proper position, and put said barrel onto the pushcar; that under the express orders of the foreman they undertook to load another barrel, but this second barrel was in a defective condition, having a broken spout, and they had to carry the barrel at an angle to keep the oil from spilling; that carrying it in this way caused a considerable part of the weight to rest against appellee's head and neck, and that just as they were letting the barrel down the foreman carelessly and negligently failed to hold the pushcar, and allowed it to roll forward a foot or two so that the oil could not be loaded in the ordinary way, and causing the oil barrel to fall against appellee's head and neck with such force that his neck and upper vertebrae were dislocated and injured. The foreman returned the pushcar and appellee and his fellow employee completed the loading of the barrel. Appellee noticed that he could not straighten his head and neck, but did not think that he was seriously hurt at the time. Shortly after the injury appellee fell over to the ground in a dazed and semi-conscious condition. He was taken home and attended by physicians. He remained in a dazed and semi-conscious condition, suffering great pain, for a period of seven days, and has not been able to straighten his head and neck since the injury, and has not been able to work. He is unable to rest or sleep, and suffers constantly from the pain in his head, neck and back. He alleges that his injuries were due to the negligence of the appellants, and that his injuries are permanent. He prays for damages in the sum of $15,000.

Appellants filed answer denying all the material allegations in the complaint, and pleading contributory negligence and assumption of risk.

There was a verdict and judgment for $2,500 and to reverse this judgment this appeal is prosecuted.

There is but one question for our consideration, and that is the sufficiency of the evidence to sustain the verdict. Appellant argues this question under three heads, first, that the evidence was insufficient to justify the court in submitting the question to the jury, and second, that it is a matter of pure conjecture that the injury complained of resulted from the accident, and third, that the verdict is clearly against the preponderance of the evidence.

The appellee testified in substance that he was 50 years old, and had lived all his life on a farm near Barber, Arkansas; that he had been employed by the Rock Island Company since about 1903 or 1904; he did section work for them and worked at different places until he went to Mansville, Oklahoma, on Tuesday, August 17, 1935; Wednesday was a lay-off day and he did not go to work until Thursday, and he worked Thursday, Friday and Saturday morning; that he and another employee, working under the foreman, Ellis, put the car on the track and pushed it to the depot and the foreman Ellis was standing opposite the barrels; they were to load the barrels on the pushcar; the barrels were sitting on the ground about four or five feet from the track and the foreman said: "I will hold the car and you boys load the oil." They loaded one barrel and when they undertook to load the second barrel the car moved. Appellee was under the barrel. He said that they leaned against the pushcar and got under it and started up with it and the pushcar rolled, and before the car stopped the barrel slipped back against appellee's left shoulder and left side of his neck. He also testified that when they started to load the second barrel the foreman said to hold the barrel until he could scotch and block the car, and before the car stopped it threw appellee into a careen, and the barrel slipped back on him. Appellee testified at length about his injury and that it was caused by the barrel falling on him, which he says was the result of the failure of the foreman to hold the car, which he had promised to do.

Appellee's evidence is not only contradicted by the evidence of other persons who say that appellee told

them he had had a sunstroke or become overheated and made no mention of having been hurt by the barrel falling on him, but appellee himself had written two letters about his condition and did not mention the fact that he was injured by the barrel falling on him.

It would serve no useful purpose to set out the evidence in detail because if appellee's testimony is true there is substantial evidence to support the verdict, and whether it was true or not was a question for the jury in the trial court and not for this court.

In determining the sufficiency of the evidence to sustain a verdict, the Supreme Court views the evidence in the light most favorable to the appellee, and will not set aside a verdict supported by substantial evidence. *Republic Mining & Mfg. Co.* v. *May,* 184 Ark. 786, 43 S. W. (2d) 742; *Hyatt* v. *Wroten,* 184 Ark. 847, 43 S. W. (2d) 726; *Public Utilities Corp.* v. *Cordell,* 184 Ark. 878, 43 S. W. (2d) 746; *St. Louis S. F. Ry. Co.* v. *Fine,* 184 Ark. 940, 44 S. W. (2d) 340. We have also many times held that this court must give to circumstances in proof, their highest probative value in favor of the appellee, and indulge every inference which is reasonably deducible from them in support of the jury's finding. *Pekin Wood Products Co.* v. *Mason,* 185 Ark. 166, 46 S. W. (2d) 798; *Ft. Smith Traction Co.* v. *Oliver,* 185 Ark. 227, 46 S. W. (2d) 647; *Arkansas Baking Co.* v. *Wyman,* 185 Ark. 310, 47 S. W. (2d) 45; *Union Securities Co.* v. *Taylor,* 185 Ark. 737, 48 S. W. (2d) 1100; *St. Louis S. F. Ry. Co.* v. *Hall,* 182 Ark. 476, 32 S. W. (2d) 440.

Appellant argues that in order to warrant a finding that the negligence is the proximate cause of the injury it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. If appellee's testimony is true, the foreman, after promising to hold the car, let it roll and this caused the barrel to fall on appellee, resulting in the injuries complained of. If this testimony is true, there can be no question but that the negligence of the foreman was the proximate cause of the injury.

All these questions were submitted to the jury under proper instructions of the court, which are not objected to by the appellants. We have many times held that verdicts of juries could not be based on speculation or conjecture. This rule is well established, but it is equally well established that when there is any substantial evidence to support the verdict, this court cannot set it aside. And it is also well established that the findings of fact by a jury are conclusive, although we might believe that it was against the preponderance of the evidence. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S. W. (2d) 689; *Brandon Tie & Lbr. Co.* v. *Osborn,* 191 Ark. 145, 83 S. W. (2d) 530; *Mathis* v. *Magers,* 191 Ark. 373, 86 S. W. (2d) 171; *Smith* v. *Ark. P. & L. Co.,* 191 Ark. 389, 86 S. W. (2d) 411; *Coca-Cola Bottling Co.* v. *McNeece,* 191 Ark. 609, 87 S. W. (2d) 38; *Manhattan Const. Co.* v. *Atkisson,* 191 Ark. 920, 88 S. W. (2d) 819.

The evidence in this case is unsatisfactory, but we cannot say that there is no substantial evidence to support the verdict.

The judgment is affirmed.