## PIERCE v. SMITH.

### 4-4576

Opinion delivered March 29, 1937.

*Bob Bailey,* for appellants.

*J. M. Smallwood* and *Hays & Wait,* for appellees.

MEHAFFY, J. E. Z. Pierce was, in his lifetime, the owner of a farm in Yell county, Arkansas, consisting of about 246 acres. He died many years ago, and Mrs. W. S. McCarroll inherited this land subject to the dower right of Mrs. Sallie J. Pierce, surviving widow of E. Z. Pierce, deceased. On November 27, 1929, W. S. McCarroll en-

tered into a written contract by which the land described was rented to Seth Smith. The contract was from January 1, 1930, to December 31, 1930, and the rent was $3,000, and the lessee executed two promissory notes, one for $2,000 and one for $1,000. Smith had to have assistance to purchase feed and seed, without which he could not cultivate the land. McCarroll and Smith estimated that it would take about $1,000 to pay for feed and seed to be used in making the crop. It was understood between them that this money would have to be borrowed, and that the money so borrowed would be paid out of the proceeds of the crop before any rent was paid, and that the landlord's lien would be waived for that purpose.

In February, 1930, McCarroll and Smith went to the Merchants & Farmers Bank in Atkins to borrow $1,000, and offered a rent note for $1,000 as security. This rent note was made payable to W. S. McCarroll. The president of the bank declined to make the loan at that time, and McCarroll and Smith, on March 3, applied to the First National Bank of Dardanelle, where they succeeded in obtaining a loan of $600.

O. S. Anglin sub-rented a portion of the land from Smith. The $600 borrowed at Dardanelle was not sufficient to pay for the feed and seed, and Anglin, Smith and McCarroll executed a note to the Merchants & Farmers Bank of Atkins for $400.

Suit was brought by the appellants to recover seven bales of cotton which had been delivered to the Federal Compress Company, and the warehouse receipts were delivered to the Merchants & Farmers Bank at Atkins. The appellants claimed a landlord's lien on the cotton, and procured a writ of attachment and thereby obtained possession of the seven bales of cotton. They gave bond and the cotton was sold for $254.62.

A second suit was filed by Mrs. Sallie J. Pierce, Mildred Louise Sibley, and Margaret Jane Harrison, the owners of said land, against Seth Smith, a tenant, and O. S. Anglin, a sub-tenant, the Merchants & Farmers Bank and Federal Compress Company, alleging an indebtedness for $2,214.95 balance, and asking a landlord's

lien against the cotton, together with judgment for the amount.

Answers were filed in these suits denying the allegations of the complaints and the cases were submitted to the court, sitting as a jury. The court gave judgment against Anglin, Smith and McCarroll for the amount of the $400 note and interest, dismissed the attachment and gave judgment for $259.54 in favor of the Merchants & Farmers Bank for the $259 for which the cotton was sold, against Sallie J. Pierce, Mildred Louise Sibley, Margaret Jane Harrison and Fidelity & Deposit Company of Maryland, sureties on the attachment bond. This appeal is prosecuted to reverse said judgments.

Appellants state that the only question involved is the sufficiency of the testimony to show that the landlords or owners of the property, are bound by the signing of a note personally by W. S. McCarroll. In other words, was W. S. McCarroll the agent of the landowners with authority to manage and rent the farm, borrow money to have it farmed, and waive the rent in favor of the person who loaned the money?

There is no presumption that McCarroll was the agent with the authority to do these things, but the burden is upon the person claiming that the agent has the authority, to make the proof of his authority. It is not necessary, however, that this be shown by direct evidence.

"As a general rule, whatever evidence has a tendency to prove an agency is admissible, even though such evidence may not be full and satisfactory. Direct evidence is not indispensable—indeed, frequently, it is not available; circumstances, such as the relation of the parties to each other and their conduct with reference to the subject-matter of the contract, may be relied upon. It is also permissible to prove a previous course of dealing." 2 Am. Jur. 351, § 443.

Neither agency, nor the extent of an agent's authority, can be established by the declaration or acts of the agent without showing the principal's knowledge of such acts, or his assent to them. However, where the acts are of such character and so continuous as to justify a reasonable inference that the principal had knowledge of

them, and would not have permitted them if unauthorized, the acts themselves are competent evidence of agency.

It is well established that a principal cannot ratify a portion of an unauthorized action and not ratify the whole of it. He cannot avail himself of the acts that are beneficial to him and repudiate the acts that are detrimental to him. *Kirkpatrick Finance Co.* v. *Stotts*, 185 Ark. 1089, 51 S. W. (2d) 512; 21 R. C. L. 923.

There was introduced in evidence, a power of attorney executed by Mildred Louise Sibley and Margaret Jane Harrison to W. S. McCarroll, authorizing him to contract rent and collect for the year 1927 and each year thereafter, unless this authority is revoked in writing. The power of attorney then describes the lands on which the rents are to be collected. It is contended that this power of attorney did not authorize the borrowing money, or the doing of any other things except to rent and collect the rent. There was no power of attorney given by Mrs. Pierce, and Mr. McCarroll testified that he did not pretend to have the power of attorney for her. When asked the question: "You acted as if you did have?" he answered: "I was acting and she never gave me any power of attorney. That was our business."

The rental contract with Smith was signed by McCarroll as attorney in fact, and rented the entire property to Smith. This included Mrs. Pierce's part as well as the others. McCarroll's children, who inherited the property from their mother, were the grandchildren of Mrs. Pierce. Mrs. Pierce is now dead and Mr. McCarroll first testified that she died in 1929. He afterwards said that he was mistaken about this, and that she died in 1931.

The judgment of the circuit court was rendered in 1936. Seth Smith testified that he lived in Shawnee, Oklahoma, and that he made a cotton crop during the year 1930, on land rented from W. S. McCarroll. He had known McCarroll since 1915, and knows that he had charge of this land for several years prior to 1930; that he rented the land from McCarroll in 1916, 1917, 1918 and 1919, 1922 to 1925, inclusive, and paid him the rents

thereon. He was to pay him $3,000 a year. McCarroll agreed that he would go on witness' note for $1,000 to help him finance the crop, with the understanding that $1,000 was to be paid out of witness' half of the crop before McCarroll received any of the $3,000 rent. McCarroll applied to the Merchants & Farmers Bank of Atkins for a loan of $1,000 to be used by witness and the other tenants to make the crop of 1930. It was to be used for feed and seed by all the tenants. They borrowed $600 at Dardanelle. Anglin was a sub-tenant of witness and made a cotton crop on part of the same lands, and Anglin, McCarroll and witness made a note to the Merchants & Farmers Bank at Atkins in March, 1930. The money was furnished only for McCarroll and witness. Anglin signed the note as an accommodation. The $400 was to be paid out of witness' half of the crop before any rents were to be paid by him. Anglin's crop was in no way involved. The $400 was used for feed and seed in making the entire crop grown on the land rented from McCarroll.

The seven bales of cotton were taken to the compress at Russellville at the suggestion of McCarroll. O. H. McCollum, president of the Merchants & Farmers Bank of Atkins testified that he knew both McCarroll and Smith, and that they applied to him in February, 1930, for the loan of $1,000; that afterwards O. S. Anglin applied for a loan of $400, and the note was signed by Smith, McCarroll and Anglin. Witness knew that the money was to be used on the farm, and he would not have loaned it any other way. At the time Smith and McCarroll came to the bank to borrow $1,000 they offered as security a rent note for $1,000 made by Smith, payable to McCarroll. The seven bales of cotton were delivered to the Russellville warehouse for witness, and were taken from him by replevin. Witness had received rents for McCarroll prior to 1930. When any one would sell their cotton they would leave the money at the bank for McCarroll. All the rents were deposited to McCarroll and drawn out by him.

Mrs. Pierce was the mother of Mrs. McCarroll, and the other parties are the children of Mr. McCarroll. The

evidence shows that McCarroll had managed the farm, collecting the rents, and managed it just as he did in 1930, for a number of years. Whether he had authority to do this is a question of fact to be determined by the evidence.

The finding of facts by the court, sitting as a jury, is as binding here as the verdict of a jury, and if there is any substantial evidence to sustain the finding, it will not be disturbed by this court.

"In testing the legal sufficiency of the evidence to support the verdict, it must be considered in the light most favorable to appellee." *Union Securities Co.* v. *Taylor,* 185 Ark. 737, 48 S. W. (2d) 1100.

We think when the relationship of the parties is considered, the conduct of the agent in managing the farm for several years, together with all the evidence in the case, is substantial evidence to support the finding of the lower court.

The judgment is affirmed.