MISSOURI & NORTH ARKANSAS RAILROAD COMPANY *v.*
JOHNSON.

## Opinion delivered November 30, 1914.

1. EVIDENCE—PERSONAL INJURY ACTION—SUFFICIENCY.—A judgment in
an action for personal injuries will not be reversed for insufficient
evidence, where it was not physically impossible for the plaintiff
to have been injured according to his own testimony, although it
was highly impossible that he was injured in the manner alleged.

2. DEPOSITIONS—ADMISSIBILITY—OBJECTIONS—WAIVER.—Kirby's Digest,
§ 3191, covering the right to object to a deposition except for cer-
tain things, save before the commencement of the trial, has no
application at the second trial when an action is brought in one
county and a nonsuit taken before trial, and the suit later brought
in another county at the trial in which latter county the deposition
was offered in evidence.

3. DEPOSITIONS—ADMISSIBILITY.—Appellee took depositions for use in
a cause pending in the circuit court before trial, and before appel-
lant had an opportunity to object to the depositions, appellee took
a nonsuit. *Held*, the depositions never became depositions in
that case, and when the same action was brought in the circuit
court in another county these depositions are not admissible, as
evidence taken in a former action between the same parties and
involving the same subject-matter.

4. DEPOSITIONS—TRANSMISSION TO COURT—ADMISSIBILITY—EFFECT OF
NONSUIT.—Depositions, which are not transmitted to the court
by the notary before whom the same were taken, in the manner
required by Kirby's Digest, § 3186, are *prima facie* inadmissible
in evidence, and when a nonsuit is taken before the question is
presented to the trial court, they never become depositions in fact
at all.

5. DEPOSITIONS—IRREGULARITY IN TRANSMISSION—WAIVER.—The irregu-
larity in the transmission to the court of certain depositions by
the notary is not waived by an agreement that signatures of the
witnesses might be omitted.

6. EVIDENCE—PLEADINGS FROM ANOTHER COURT—AUTHORITY.—It is im-
proper to admit in evidence the complaint filed in another court,
in an action over the same subject-matter and between the same
parties, in the absence of some showing of permission to withdraw
that pleading from the files of the other court.

Appeal from Monroe Circuit Court; *Eugene Lank-
ford,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee was employed by the appellant railroad company as a brakeman, and was injured while engaged in switching a freight train at Baker, a station in Searcy County on appellant's road, on the 22d of September, 1912, by stepping into an unblocked frog, as a result of which he says he was thrown under the train and run over by it and very severely injured.

The great preponderance of the evidence appears to be that appellee was not injured in the manner testified by him, indeed, that he was not injured at the frog at all, and one of the grounds upon which we are asked to reverse this case is that the evidence shows it was physically impossible for appellee to have been hurt in the manner testified to by him. Appellee was corroborated in his version of the occurrence by the testimony of a woman named Charity Holbrook and a man named Roy Goodman. The evidence of these two witnesses was offered in the form of depositions, and the use of these depositions at the trial presents the second ground upon which we are asked to reverse the judgment in this case.

It appears that a suit was brought by appellee in the Van Buren Circuit Court, but before that court convened, a nonsuit was taken, and another suit brought in the circuit court of Monroe County, where the judgment was rendered from which this appeal is prosecuted. These depositions were taken before a notary public upon notice given by appellee, and they were filed with the clerk of the Monroe Circuit Court on the 1st of December, immediately preceding the trial which commenced on the 3d day of that month. The depositions were first offered as having been taken in the case at bar; but the court sustained appellant's objection to them when they were so offered, whereupon appellee announced that he would later offer them in evidence as depositions taken in another action between the same parties where the same subject-matter was involved. To lay a foundation for their introduction, the following evidence was

offered: The attorneys for appellee testified that the pending suit was the same cause of action in which the nonsuit had been taken, and offered in evidence the original complaint which had been filed with the clerk of the Van Buren Circuit Court. One of the attorneys testified that he wrote counsel, who had been associated with him in the first case, to take a nonsuit and to send him the complaint in the first case, and that this had been done, and the original complaint, which was exhibited, bore the filing marks of the clerk of the Van Buren Circuit Court. Gardner Oliphint, the notary who took the depositions, testified that he took them in shorthand, and brought his notes to Little Rock, where he transcribed them, after which he took the depositions to the office of the attorneys for appellee and left them there, and that the attorneys forwarded the depositions to the clerk of the Van Buren Circuit Court. It was then shown by the attorney to whom the depositions were delivered that he merely looked over the depositions to see in what shape they were, and that after looking them over, and without having made any change of any kind in them, he mailed them, in a sealed envelope, to the clerk of the Van Buren Circuit Court. Oliphint testified that no change had been made in the depositions since they left his possession. It was also testified by appellee and his attorneys that the cause of action sued upon was the same in both courts.

*J. Merrick Moore* and *W. B. Smith,* for appellant.

The depositions were inadmissible. (a) No foundation was laid for their introduction; (b) they were not transmitted to the clerk as prescribed by law; (c) the original complaint was also inadmisible. 60 Ark. 400; 58 *Id.* 353; 42 *Id.* 288; 91 *Id.* 485; 84 *Id.* 178; 83 *Id.* 272; 1 Greenleaf, Ev., § 163; Kirby's Dig., § § 3189-3186; 27 S. E. Rep. 740.

*Robertson & DeMers,* for appellee.

1. The testimony supports the verdict and the act May 10, 1911, Act No. 261, settles the law.

2.   There was no error in admitting the depositions.
A proper foundation was laid for their admission as well
as that of the original pleadings in the same case.   13
Cyc. 988-9; 5 Peters (U. S.) 604-7; 19 Vt. 327; 1 Pittsb.
(Pa.) 189; 59 Pa. St. 211; 70 Neb. 786; 98 N. W. 44.   All
irregularities were waived by consent.   Immaterial in-
fractions of the statute may be disregarded.   13 Cyc. 982.
If the court is satisfied that the deposition is intact and
has not been tampered with, it should be admitted.   81
Mo. 636; 40 Mich. 170; 1 Black (U. S.) 156; 41 How. Pr.
(N. Y.) 421; 6 Enc. Pl. & Pr. 532; 16 Pick. (Mass.) 551; 37
N. H. 23; 16 Tex. App. 57; 13 Cyc. 973.   No motion to sup-
press was filed.   Kirby's Dig., § 3191; 87 Ark. 291.

SMITH, J., (after stating the facts).   (1)   We will
not reverse the judgment because of the insufficiency of
the evidence, for, as we view this evidence, it is not phys-
ically impossible that appellee was injured as the result
of stepping into an unblocked frog, although it is highly
improbable that the injury was caused in that manner.

(2)   Appellee's statement is corroborated by the
witnesses whose depositions were taken, and the decision
of this case turns upon the admissibility of those deposi-
tions.   It is urged that appellant waived all right to ob-
ject to these depositions because no exceptions were filed
before the beginning of the trial.   Section 3191 of Kirby's
Digest provides that "no exception, other than to the
competency of the witness, or to the relevancy or compe-
tency of the testimony, shall be regarded, unless filed and
noted on the record before the commencement of the
trial."   But we think that section has no application here,
for the reason that these depositions were taken for use
in a trial in the Van Buren Circuit Court, and no oppor-
tunity to file exceptions was ever afforded, as a nonsuit
was taken before that court convened.

(3)   Appellee says the depositions were admissible
in evidence because they were taken in another action be-
tween the same parties where the same subject-matter
was involved.   But they never became depositions in that
case, for before any exceptions could be filed to them, the

nonsuit was taken, after which there was no suit pending, and the depositions could not have been, and were never, offered in evidence in that case.

It is conceded that the statute was not complied with by the officer who took the depositions in their transmission to the clerk of the Van Buren Circuit Court. Section 3186 of Kirby's Digest provides that, when the depositions are completed, they shall be sealed up by the officer taking them, and directed to the clerk of the court in which the action is pending, with a note showing them to be depositions and the style of the case in which they were taken, and either delivered to the clerk or mailed to him by the officer taking them. The section contains certain exceptions which have no application here.

(4) In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Webster,* 99 Ark. 265, there is an extended discussion of the interpretation to be given our statute in regard to the manner of taking and transmitting depositions. In that case the statute had not been complied with in regard to signing the depositions, nor in their transmission. At the trial in the court below, evidence was offered to the effect that there was an agreement between the attorneys at the taking of the depositions, in addition to the agreement recited in the stipulation which accompanied the depositions. This stipulation was to the effect that ''all objections and exceptions to any part of direct or cross examination may be made and submitted to the court when the deposition is offered.'' In the opinion it was said that this stipulation did not cover the question as to formalities in the taking or transmission of the deposition, and that no rule of evidence was violated in permitting proof of an oral agreement in regard to the taking and transmission of the deposition, because such an agreement did not vary, contradict or enlarge the written agreement, which covered another subject. There was an extended discussion of the subject in a dissenting opinion in that case, but in both the majority and the dissenting opinions, the provision of the statute in regard to the taking and transmission of depositions was treated as man-

datory unless waived, although it was not expressly held to be mandatory, and the point of difference between the judges was whether there was proper proof of a waiver. In the case at bar, there is no proof of any waiver except that recited in the notary's certificate, which does not relate to the transmission of the depositions. One purpose of the above section is to prevent any possibility of alteration, and where that section has not been complied with or waived, the showing must be made that this purpose has not been defeated. It is urged that this showing was made by appellee's attorneys and the officer who took the depositions, who testified that no change had been made. But, as has been said, these purported depositions were not properly transmitted; therefore, they were *prima facie* inadmissible in evidence, and they never became depositions in fact, because, before any question could be raised, or any showing made, touching their verity, the nonsuit was taken and the whole proceeding was at an end. The decision of those questions, which would have determined whether the purported depositions were, in fact, admissible in evidence, should have been made in the Van Buren Circuit Court, and that court was never afforded an opportunity to pass upon those questions.

The certificate of the notary recites "that by consent of counsel on both sides the signatures of the witnesses were expressly waived, and their testimony was, by express agreement, taken by me in shorthand and afterward transcribed on the typewriter; that all objections of any and all testimony were reserved to be interposed at the trial of said cause, and all objections and exceptions as to the manner and form of taking were expressly waived."

(5)   We think the agreement recited in this certificate does not relate to the transmission of depositions, and would not constitute a waiver where the provisions of section 3186 of Kirby's Digest apply, and that a party to such an agreement will not be held to have assented that the depositions, when transcribed, be delivered to some attorney instead of being transmitted to the clerk of the court in which they are to be used.

(6)   We think it improper for the court to have permitted the introduction in evidence of the original complaint filed in the Van Buren Circuit Court in the absence of some showing of permission to withdraw that pleading from the files of that court.   A similar question was involved in the case of *Ellis* v. *Mills* (Ga.), 27 S. E. 740, in which a judgment was reversed because the trial court permitted the introduction in evidence of the original of a written pleading filed in another court; and while we are not called upon to approve all that was there said, we think this a proper occasion to condemn the practice of withdrawing the pleadings of one court for use in another, particularly where no showing is made of authority therefor granted by the presiding judge.

For the error committed in the admission of the depositions, the judgment of the court below will be reversed and the cause remanded for a new trial.