ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* DANIELS.

Opinion delivered February 1, 1926.

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE.—Proof that plaintiff in debarking from defendant's train slipped and fell on a banana peel in the vestibule of the coach, without proof as to how long it had been there, *held* to sustain a finding that defendant was guilty of negligence.

2. CARRIER—INSTRUCTION AS TO NEGLIGENCE.—In an action by a passenger to recover for personal injuries received in debarking from a train, reading to the jury, without explanation, a certain statute of another State, where the injury occurred, which imposed a high degree of care upon a carrier to prevent injuries to passengers, was not error, where no specific objection was made and no request for an instruction explaining the statute.

3. CARRIER—CONTRIBUTORY NEGLIGENCE.—It was not error, in an action by a passenger for injuries received in a fall caused by slipping on a banana peel in the vestibule of defendant's coach, to refuse to give an instruction on contributory negligence, where there was no evidence tending to show such negligence.

4. DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.—Where, in an action for personal injuries, there was evidence that plaintiff sustained a wrenched back, from which he suffered great pain, was confined to his bed for six or eight weeks, and passed blood from his kidneys for three months, an award of $1,000 was not excessive.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*W. F. Evans, Warner, Hardin & Warner* and *E. T. Miller,* for appellant.

*Evans & Evans,* for appellee.

HUMPHREYS, J.   Appellee instituted suit against appellant in the circuit court of Crawford County to recover damages in the sum of $3,000 for injuries received by him while disembarking from its passenger train at the station Wister, in Oklahoma, resulting from the alleged negligence of the employees of appellant. The negligence alleged was that appellant permitted and allowed a banana peel to be upon the steps of the passenger coach while appellee was attempting to alight therefrom, which caused him to slip, fall, and suffer serious and permanent

injuries to his back, hips, kidneys, and other parts of his body.

Appellant filed an answer specifically denying the allegations of negligence and, by way of further defense, alleged contributory negligence on the part of appellee.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee, from which is this appeal.

· The facts revealed by the record are as follows: On the day of the injury appellee was a passenger riding on appellant's northbound passenger train from Hugo to Wister, in Oklahoma. He was on the way to Booneville, his home, and changed from appellant's system to the C. R. I. & P. Ry. at Wister. His injury occurred in making the change. When appellant's train stopped at Wister, he and the other passengers proceeded to alight, passing through the vestibule and out, after the porter raised the trap-door, fastened same, and opened the outside door of the vestibule. The porter was standing at the foot of the car steps to assist the passengers in alighting. Appellee was among the first to disembark following the porter, and in doing so his left foot came in contact with a banana peel, either on the steps or the floor of the vestibule, which caused him to slip and fall to the station platform. The porter assisted him to a chicken coop, on which he sat until the conductor came. After the conductor investigated the accident, appellee was assisted to the waiting-room, where he remained until the Rock Island train came along. When it came, he proceeded on his journey, and, after reaching his destination, obtained medical attention. The testimony is in conflict as to whether the banana peel upon whch appellee slipped was on the steps or floor of the vestibule. The porter testified that he swept the coaches and vestibules after leaving Folsom, and before reaching Wister, and that, when he cleaned the vestibule and opened the trap door, the banana peel was not there. The conductor testified that,

as he passed through the train, he kept a lookout for such things, and that he did not observe a banana peel on the floor of the vestibule before reaching Wister. Henry McIntire, the "news-butch" on the train, testified that he made only one sale of bananas after leaving Hugo, and that was to an old man; that he did not sell any to two young men; and that he kept a lookout for trash on the floors of the coaches and the vestibules, and that no banana peels were on the floors. Appellee testified that he saw two young men come from the chair car into the smoking car and buy bananas from the "news-butch" and peel and eat them while walking back from the smoker to the chair car; and that this incident occurred before reaching Wister.

With reference to the injury appellee testified that the first joint of his backbone was wrenched and injured by the fall; that he passed blood from his kidneys for three months, and was confined to his bed from six to eight weeks on account of the fall; that he expended $52 for medical services; and that he suffered greatly from the injury, and that he was suffering from it almost continuously at the time of the trial. He was corroborated as to the injury to his back and the suffering he endured immediately thereafter and during the time he was being treated, by Dr. Strange, who attended upon and treated him. The jury returned a verdict for $1,000.

Appellant first contends for a reversal of the judgment upon the alleged ground that the evidence failed to establish negligence by appellant's employees, under the rule that carriers are only required to exercise ordinary care to discover and remove objects calculated to injure the passengers which do not relate to the equipment incident to the operation and mode of conveyance. We think, under the rule of ordinary care to prevent injury to passengers, contended for by appellant as the correct rule, that there is ample evidence in the record to sustain the verdict and judgment. All the evidence tends to show that appellee slipped and fell upon a banana peel

lying either upon the steps or floor of the vestibule. The fact that the porter cleaning up the vestibule and the conductor and "news-butch" failed to observe it a short time before arriving at Wister does not conclusively establish the fact that the banana peel was not there and had not been there for some time. The jury might have reasonably inferred that it was negligently overlooked by all of them. A part of a banana peel is a small thing, and might easily have escaped the force of the broom in sweeping or the inspection of the "news-butch" and conductor through carelessness on their part, under the rule contended for by appellant.

Appellant next contends for a reversal of the judgment upon the alleged ground that the cause was sent to the jury under declaration that the law of Oklahoma, where the injury occurred, imposed the highest degree of care upon appellant to discover and remove the banana peel from the vestibule floor or steps, whereas only ordinary care was imposed upon it to discover and remove same. The concrete instructions given by the court and requested and refused by the court do not tell the jury that the law of Oklahoma imposed the duty upon appellant to exercise the highest degree of care in discovering and removing the banana peel upon which appellant slipped and fell. On the contrary, the instructions given and refused dealt entirely with the question of negligence, and not with the rule by which the negligence was to be determined. It is true that the court read §§ 800, 801, and 803 of the Oklahoma acts of 1910, and that these acts seemingly impose a high degree of care upon a carrier to prevent injuries to passengers. These statutes were read more by way of general and preliminary statement in submitting the issue of negligence than by way of laying down a fixed rule by which the jury was to be governed in determining negligence. This is revealed by the fact that appellant did not request a concrete instruction interpreting the statutes. Neither the general nor special objections made to the reading of the statutes

pointed out that the jury might be induced by them to apply the wrong rule in determining the issue of negligence. Neither did the special objections to the reading of the statutes point out to the trial judge that the statutes were applicable, as now contended, only to negligence in failing to furnish proper equipment or to provide necessary facilities for travel. It seems that the earlier and recent cases of Oklahoma are in conflict as to the proper interpretation of these statutes. In our view it is unnecessary to a determination of the questions involved in this case to interpret the statutes, for, as stated above, appellant should have raised these questions by specific objection to the several instructions or by requesting a concrete instruction interpreting the statutes.

Appellant next contends for a reversal of the judgment because the trial court modified its requested instructions Nos. 4 and 5 by inserting the word *platform* after the word *step* in each instruction, and gave said instructions as modified. The amendment was correct, for there was testimony tending to show that the banana peel upon which appellee slipped and fell was lying upon the vestibule floor instead of the step. The modification was made to meet the conflicting proof. It made no difference whether the peel was on the step or platform of the vestibule, so far as liability was concerned.

Appellant's next contention for a reversal is that the court refused to give its requested instruction upon contributory negligence. In reading the record we have failed to find any evidence tending to show negligence on the part of appellee. He testified that he did not see the banana peel until he found a piece of it stuck to his shoe, and saw another passenger kick another piece of it off the platform, and heard him remark to the conductor that the banana peel was what caused him to slip and fall. Again, the question of contributory negligence was covered, unnecessarily, by instructions theretofore given by the court.

Appellant's last contention for a reversal of the judgment is that the court erroneously instructed the jury as

to the measure of damages in that a recovery was permitted for permanent injury when, in point of fact, the evidence adduced was wholly wanting to show a permanent injury. The instruction upon the measure of damages is long, and we deem it unnecessary to set it out. A careful reading of it reveals that nothing was said about damages for permanent injury. It did allow a recovery for future suffering, and the testimony warranted that direction.

No error appearing, the judgment is affirmed.

HUMPHREYS, J., (on rehearing). The contention is made by appellant on rehearing that it requested a specific instruction correctly interpreting the statutes of Oklahoma, which were read to the jury, which was tantamount to making a specific objection to reading them. The instruction referred to was appellant's requested instruction No. 4, which the court refused to give. It is as follows:

"The court charges you that, before the plaintiff can recover in this case, he must prove, by a preponderance of the evidence, that the defendant actually knew that the banana peel was on the steps of said passenger car and failed to remove same therefrom within a reasonable time thereafter, or that said banana peel had been on the step of said car for such a period of time that, in the exercise of ordinary care, defendant should have known that said banana peel was on the step of said car and removed it from the steps. Unless you find from the evidence that the defendant actually knew that the banana peel was on the step, or that the banana peel had been there for a sufficient length of time that defendant should have known this, in the exercise of ordinary care, then the defendant was not negligent, and it is your duty to return a verdict for defendant."

This instruction was properly discarded by the trial court because erroneous in exempting appellant from liability unless it actually knew that the banana peel was on the steps of the passenger car, or should have known

it on account of it having been on the floor for a reasonable length of time.

Appellant reiterates its insistence that the damages assessed by the jury were excessive. There is evidence in the record tending to show that the first joint of appellee's backbone was wrenched, from which he suffered greatly and from which he was continuously suffering at the time of the trial; also tending to show that he was confined to his bed for six or eight weeks and that he passed blood from his kidneys for three months on account of the fall. We are unable to say that $1,000 was an excessive allowance under these circumstances.

Our investigation, on reconsideration of the case, has confirmed us in the view that the judgment was properly affirmed. The petition for rehearing is therefore overruled.