SAFEWAY STORES, INC. *v.* MOSELY.

4-4360

Opinion delivered July 6, 1936.

*Roscoe R. Lynn* and *June P. Wooten,* for appellant. *Strait & Strait,* for appellee.

BUTLER, J. W. J. Mosely, the appellee, was in the employ of Safeway Stores, Inc., as a manager in charge of its store at Morrilton. He worked in the store as any other employee, but had general supervision over its operation with authority to issue orders to the other employees and to require them to perform their duties. On November 7, 1934, appellee was injured by falling to the floor of the rear compartment of the store while engaged in carrying a sack of shorts weighing approximately one hundred pounds. He brought suit against his employer

to recover damages for his injury on the theory that it was caused by the negligence of a fellow-servant.

At the conclusion of the testimony the appellant moved for an instructed verdict. This motion was over-ruled and exceptions thereto duly saved. The trial resulted in a verdict and judgment in favor of the appellee from which this appeal is duly prosecuted.

We find it necessary to consider only the question raised by the appellant for an instructed verdict. In viewing the evidence adduced, we must give to it its highest probative value in favor of the appellee and indulge every inference reasonably deducible from the testimony to support the finding of the jury. *Gaster* v. *Hicks,* 181 Ark. 299, 25 S. W. (2d) 760.

There is practically no dispute in the testimony as to the essential and material facts. On the day of appellee's injury, November 7, 1934, the store was being served by three employees—the appellee, Henry Welter and A. L. Brown. Appellee and Welter were working in the general grocery department of the store and Brown was in charge of the meat department. About 9:30 a. m. a customer who conducted a sandwich shop came in to purchase a number of heads of lettuce. Because of the character of his trade he required lettuce that was fresh and his purchases of this vegetable were usually made from the ice-box located in a separate compartment of the store, separated from the general grocery store and meat market by a partition in which there was an opening. When the customer came into the store, appellee directed Henry Welter to wait upon him. Welter went to the ice-box and from there sold him from eight to a dozen heads of lettuce, put them into a container of some kind, and delivered it to the customer. Some time after the sale of this lettuce, appellee went into the storage room at the rear of the store where the ice-box was located, and, picking up a sack of shorts weighing a hundred pounds, turned and started to the front of the store. While doing so he stepped upon a lettuce leaf lying on the floor and slipped and fell, resulting in his injury.

The negligence of the fellow-servant alleged is that he carelessly and negligently dropped a lettuce leaf on

the floor and carelessly failed to perform his duty in permitting it to fall and remain upon the floor. The evidence on this question is to the effect that Welter and Ray Ellison, the customer, went to the ice-box for the lettuce where it was delivered to Ellison and he came out with it through the front of the store; that afterwards, perhaps a half an hour, appellee stepped on a lettuce leaf lying on the floor about four feet from the ice-box; that he (the appellee), on opening the store that morning, had swept it out and at that time the floor was free of lettuce leaves. On the question as to whether or not Welter dropped the lettuce leaf there is no testimony whatever. Appellee admits that he did not see Welter drop the leaf. Welter himself did not testify that he dropped one, but stated that he did not deliver the lettuce to Ellison at the place where the shorts were stacked or where the appellee fell and that there would have been no occasion for him to be in either of those places when making the delivery in question. He stated that it was not uncommon for lettuce leaves to fall and remain on the floor during the operation of the store and that he had seen lettuce leaves thus lying; that if he was not then busy he would pick them up; that at times he had seen them on the floor and had not picked them up. There is no testimony, however, to the effect that Welter saw the particular leaf which caused appellee's fall, or that it was lying where he or Ellison might have dropped it, or where he would have been likely to see it while making the delivery to Ellison or in coming out of the rear compartment from which the delivery was made. The evidence is to the effect that the shorts were stacked about eight feet away from the ice-box, and that when appellee fell he was about four feet from the ice-box. Appellee stated that it was dark in the back room; that there was a sixty-watt globe in this room, but he did not switch it on when he went for the shorts and did not see the lettuce leaf upon which he stepped.

We think, under the circumstances of this case, it is purely a matter of speculation as to how the lettuce leaf happened to be at the place it was when stepped upon by the appellee, and that the evidence fails to show any neg-

ligence on the part of Welter in failing to observe it. The most that can be said is that his duty required him to pick up only those leaves he saw and not to make an inspection for other leaves which might be lying around. We therefore conclude that the evidence, when given its greatest weight, wholly fails to establish any negligent act on the part of Welter as the proximate cause of the fall sustained by the appellee. The question as to the assumption of risk is therefore not necessary to consider as the verdict has no substantial evidence to support it on the question of negligence.

As the case appears to have been fully developed, the judgment of the trial court will be reversed, and the case dismissed.