I cannot agree with the majority in holding, which I think they in effect do, that this court can read the record and better judge the credibility of the witnesses and the weight to be given to their testimony, than the trial judge and jurors who see the witnesses, hear them testify, and have an opportunity to judge the facts that we do not have. The majority opinion admits that the jury is the judge of these things. I think in this case it is purely a question of fact, and that this court has simply constituted itself a jury and passed on the facts.
One witness swore that he was looking at the little girl when she walked onto the track, and that she was looking west, the opposite direction from which the train was coming. Nobody disputes this. The engineer swears that he saw the little girl, saw her going directly toward the track and did not use the emergency brake until after, he says, she hesitated and then went on.
The jury had a right to conclude that the engineer saw her and knew that she was looking in the other direction, and without doing anything at all to stop the train or check its speed when he first observed her danger, continued right on at a rapid rate of speed and ran over and killed her.
There is a conflict in the evidence as to what part of the engine struck her. One witness swears she was on the track, and other witnesses testified that they found blood near the center of the pilot beam. There were two crossings in the little town about a block apart, and the *Page 375 
evidence shows that for the first crossing the engineer sounded the whistle. There is no evidence that the statute was complied with as to sounding the alarm, continuously. The evidence shows conclusively that, after the engineer saw the little girl, saw her going right toward the track looking in the other direction, he did not make any effort to check the speed of the train, and some witnesses say that he did not sound the distress signal and put on the emergency brakes until after he had struck the girl. The engineer himself says that he did not put on the emergency brake when he first saw her. If he did not, and she was going straight toward the track looking in the opposite direction, the jury had a right to conclude that he was guilty of negligence.
Widener is a small town with a population of probably about three hundred, and yet one witness testifies that the train was going through the town at more than 75 miles an hour, and the engineer himself says that the schedule is 60 miles an hour for the whole trip, and that that makes it necessary to run faster than 60 at some times. All the witnesses agree that the train was late. The engineer says it was only about four minutes late, but the jury had a right to conclude, and probably did conclude, that he was running through the town at more than 75 miles an hour, saw the little girl approaching the track at a crossing, and knew that she was looking in the other direction, and oblivious to her danger; and yet it is admitted that he did not, when he first saw the child, make any effort to check the speed of the train.
The majority opinion says that it is the opinion of this court that the unfortunate victim of modern transportation was completely oblivious to her surroundings, and that it was impossible for appellant's agent to guard against the unusual conduct occasioned by a condition of which he was ignorant. I say that the evidence shows that she was completely oblivious to her surroundings, and as she was looking in the other direction and the engineer looking directly at her, he was bound to know that she was oblivious to her surroundings. According to the evidence he was not ignorant of the fact that he was going through a town; he was not ignorant of the *Page 376 
fact that the little girl was walking in the road directly toward the railroad crossing; he was not ignorant of the fact that she was looking in the opposite direction; he was not ignorant of the fact that he could immediately, when he saw the situation, have applied the emergency brake; and if the evidence of appellee's witnesses is true, the slightest checking of the speed of the train would have enabled the child to cross the track in safety.
The majority opinion says there was no satisfactory proof that the speed estimated by the engineer was being grossly exceeded or that the train was proceeding at a speed so greatly in excess of the regular schedule that an extra hazard was created. I think the proof is satisfactory, but the law does not require that it be satisfactory. In every case, so far as I know, where this court has passed on the question, it has held that the law does not require that the proof be satisfactory, but if there is any substantial evidence, the jury's verdict cannot be disturbed.
This court said: "We will not reverse the judgment because of the insufficiency of the evidence, for, as we view this evidence, it is not physically impossible that appellee was injured as the result of stepping into an unblocked frog, although it is highly improbable that the injury was caused in that manner." Missouri N. Ark. Ry. Co. v. Johnson, 115 Ark. 448, 171 S.W. 478.
Even if it were highly improbable that the facts relied on by appellee in this case were true, still we would not be justified in reversing it if there is any substantial evidence to support the verdict.
"The fact that the appellate court would have reached a different conclusion had the judges thereof sat on the jury, or that they are of the opinion that the verdict is against the preponderance of the evidence, will not warrant the setting aside of a verdict based on conflicting evidence." 4 C.J. 859, 860.
The verdict of a jury cannot properly be disturbed on appeal merely because of its appearing to be against the clear weight of the evidence, or because, if we were to pass upon the matter as seen in the printed record. *Page 377 
we might find differently than the jury did. If the verdict has any credible evidence to support it, any which the jury could in reason have believed, leaving all mere conflicting evidence, evidence short of matter of common knowledge, conceded or unquestionably established facts and physical situations, it is proof against attack on appeal, and that must be applied so strictly, on account of the superior advantages of court and jury for weighing the evidence, that the judgment of the latter approved by the former is due to prevail, unless it appears so radically wrong as to have no reasonable probabilities in its favor after giving legitimate effect to the presumption in its favor and the make weights reasonably presumed to have been rightly afforded below which do not appear, and could not be made to appear, of record." Barlow v. Foster, 149 Wis. 613, 136 N.W. 822.
"Under our system of jurisprudence it is province of the jury to pass upon the facts. It is not only their privilege, but their right, to judge of the sufficiency of the evidence introduced, to establish any one or more facts in the case on trial. The credibility of the witnesses, the strength of their testimony, its tendency, and the proper weight to be given it, are matters peculiarly within their province. The law has constituted them the proper tribunal for the determination of such questions. To take from them this right is but usurping a power not given . . . . When there is a total defect of evidence as to any essential fact, or a spark, a `scintilla,' as it is termed, the case should be withdrawn from the consideration of the jury." Baldwin v. Wingfield,191 Ark. 129, 85 S.W.2d 689.
"In ordinary civil actions a fact in issue is sufficiently proved by a preponderance of evidence, and the verdict or finding should be based upon the preponderance of the evidence, whether the evidence is direct or circumstantial. Under this rule, a party is not required to prove his case `beyond a reasonable doubt,' `beyond doubt,' `beyond any doubt,' `beyond question,' `conclusively,' `to a certainty' or a `moral' `reasonable' or `absolute' certainty, `to the satisfaction of the jury,' or by evidence which is `clear and conclusive' `clear and *Page 378 
satisfactory,' `clear and unequivocal' `positive and conclusive' or such as to `satisfy' the jury, or `exclude the truth of any other theory' It is not indispensable that his evidence should be even equal to the testimony of one unimpeached witness. All that is required of the party at the outset is to give competent evidence sufficient, if undisputed, to establish the truth of his averments." 23 C.J. 12 et seq.
"There is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence. The reason of the rule no doubt is, that as between man and man, where a loss must fall upon one or the other, it is right that the law should cast it upon him who is shown to have been the" cause of the loss, by proof establishing the reasonable probability of the fact." 10 R.C.L. 1012.
Hundreds of cases might be cited that support this doctrine. One witness testified that the train was going more than 75 miles an hour. Has this court any right to say that this witness did not tell the truth? Or to pass on his credibility or the weight to be given to his testimony? Under all of our decisions it has no such right.
The majority, however, in its opinion, holds that the engineer told the truth, and the other witnesses did not.
It cannot be stated too often that under our system, the jury, and not this court, is authorized to pass on the credibility of the witnesses and the weight of their testimony.
I think the judgment should be affirmed. Mr. Justice HUMPHREYS agrees with me in this dissenting opinion. *Page 379