MISSOURI PACIFIC TRANSPORTATION Co. *v.* JONES.

4-5261                                            122 S. W. 2d 613

Opinion delivered November 21, 1938.

*House, Moses & Holmes, Eugene R. Warren,* for appellant.

*J. H. Lookadoo,* for appellee.

MEHAFFY, J.   This action was instituted by appellee against the appellant in the Clark circuit court for damages for personal injuries alleged to have been received because of the negligence of appellant.

The appellant is a foreign corporation operating buses in the State of Arkansas.   It operated a bus from Little Rock to Texarkana, and on November 1, 1937, appellee flagged appellant's bus just north of Friendship in Hot Spring county, Arkansas.   It is alleged that when appellee stepped up to get on the bus his right foot was on the bottom step, he reached up and took hold of the hand rail to pull himself up and his right foot slipped because the appellant, its agents and employees, had negligently and carelessly left a banana peeling on the bottom step which caused appellee's right foot to slip out from under him.   The complaint then described the injuries received by appellee, and prays damages in the sum of $3,000.

The appellant answered denying specifically each allegation in the complaint; denying that appellee was injured, and pleaded contributory negligence.

There was a jury trial and verdict and judgment for appellee in the sum of $2,500.   The case is here on appeal.

Motion for new trial was filed and overruled.   There are a number of assignments of error in the motion for new trial, but the appellant urges only one; that the court erred in refusing to grant its request for a directed verdict on the ground that the evidence is not sufficient to sustain the verdict.   It is also stated by appellant that the appellee was guilty of contributory negligence.

Appellee's evidence is to the effect that he lived at Friendship, Hot Spring county, about 11 miles from Arkadelphia; he is 31 years of age, raised in Clark county; that on November first he came to Arkadelphia; going from his home to the highway, he flagged appellant's bus

at a place where he had caught the bus many times; followed his usual custom in stopping the bus, paying his fare, and coming to Arkadelphia; the bus came by where appellee got on a little after two o'clock; when he flagged the bus, it pulled up and stopped at the edge of the concrete and he caught hold of the bar with his left hand; the driver opened the door from his seat, and he placed his right foot on the bottom step; when he started to raise his left foot his right foot slipped out from under him, jerked him loose from the bar he was holding and he hit the ground on the end of his back bone and left hip; something slick caused his foot to slip out from under him; this object was on the step; after he fell he got up and got on the bus and went in and sat down; paid his fare to the driver; after he got to Arkadelphia he was suffering so much that he went to see Dr. Bourland; the doctor gave him some rest tablets and liniment and then appellee went down to his brother's; later that day he came back into town and went to see a lawyer, after which he went home and went to bed. He then describes his injuries and suffering. It is unnecessary, however, to set out this testimony, because it is not contended that the verdict is excessive.

The testimony of Mr. McMahan, who lives at Friendship, shows that Jones came to his house to get on the bus to go to Arkadelphia; it was between one and two o'clock when he came, it was a clear day, and he was with Jones on the north side of the highway. The bus came along about two o'clock and Jones walked out and flagged it; the driver opened the door of the bus and as Jones put his foot on the step and started to lift his left foot, his right foot went out from under him; he fell to his left on his hip; after he fell he got up and went on the bus; witness saw something when Jones' foot slipped out from under him and went and picked it up; it was about a half of a banana peeling; it was not a fresh peeling, looked like it was about two or three days old; it was dark, or dark brown; the steps of this bus were also dark, and the banana peeling was something of the same color. He did not see the banana peeling on the step, but saw something fall on the ground and wanted to know what Jones

had stepped on that threw him; he took the banana peeling to the house and kept it until Jones came back and saw what caused him to fall like he did; showed the banana peeling to several persons; one of them was Mr. Charlie Garrett.

Charlie W. Garrett testified in substance that he saw appellee and as he stepped up with his right foot on the first step; about the time his left foot was leaving the ground he slipped backwards and fell on his left side; went up to the place where he fell after the bus left and Mr. McMahan showed him a banana peeling he had in his hand.

Dr. Bourland, a physician, of Arkadelphia, testified about treating appellee and the extent of his injuries.

The driver of the bus testified that the bus was inspected at Little Rock and there was no banana peeling on the step then. There is no evidence of any inspection of the steps from the time it left Little Rock until appellee's accident. The driver says that he is in sole charge of the bus after it leaves Little Rock, and that the bus stopped about five minutes in Malvern, which is several miles from Arkadelphia; that in that five minutes he inspected the tires, but did not give the bus a general inspection; he thinks he would have seen a banana peeling if one had been on the steps.

A number of other witnesses of appellant testified about the inspection of the bus in Little Rock.

When appellee attempted to get on the bus, he put his right foot on the lower step and slipped on something slick which was on the step. McMahan saw him slip and saw some small object fall from the step to the ground and immediately went out to where the bus had stopped and picked up a part of a banana peeling.

There is no dispute about the fact that appellee attempted to get on the bus and slipped and fell, although the driver testified that he did not know he had fallen. It is also undisputed that he stepped on something slick which caused him to fall. It is also shown from the evidence that the banana peel fell from the step as the appellee slipped, and that McMahan picked it up; that the

step and the banana peeling were practically the same color.

· Appellant calls attention to a number of decisions of this court and other courts, and says: "It is the well settled doctrine in this state that a jury's verdict cannot be predicated upon conjecture and speculation" and that is true. It is not sufficient for a person to show that the defendant may have been guilty of negligence. The evidence must point to the fact that it was guilty of negligence. But this does not have to be shown by direct testimony, nor to a mathematical certainty.

In testing the sufficiency of the evidence to support the verdict of a jury this court must view the evidence with every reasonable inference arising therefrom in the light most favorable to the appellee, and this court is bound by the most favorable conclusion that may be arrived at in support of the verdict rendered by the jury, and can only determine whether or not there was substantial evidence to support the verdict.

"We have many times held that this court, on appeal, in determining the sufficiency of the evidence, will consider the evidence in the light most favorable to appellee and will indulge all reasonable inferences in favor of the judgment." *Mutual Benefit Health & Accident Ass'n. v. Basham,* 191 Ark. 679, 87 S. W. 2d 583; *St. L.-S. F. Ry. Co. v. Hall,* 182 Ark. 476, 32 S. W. 2d 440; *Union Security Co. v. Taylor,* 185 Ark. 737, 48 S. W. 2d 1100; *Ark. Baking Co. v. Wyman,* 185 Ark. 310, 47 S. W. 2d 45; *Pekin Wood Products Co. v. Mason,* 185 Ark. 166, 46 S. W. 2d 798; *Ft. Smith Traction Co. v. Oliver,* 185 Ark. 227, 46 S. W. 2d 647; *S. W. Gas & Elect. Co. v. May,* 190 Ark. 279, 78 S. W. 2d 387; *S. W. Bell Tel. Co. v. Balesh,* 189 Ark. 1085, 76 S. W. 2d 291; *Arkadelphia Sand & Gravel Co. v. Knight,* 190 Ark. 386, 79 S. W. 2d 71; *Roach v. Haynes,* 189 Ark. 399, 72 S. W. 2d 532; *Sovereign Camp, W. O. W. v. Cole,* 192 Ark. 326, 91 S. W. 2d 250; *Reed V. Baldwin, et al, Trustees, Mo. Pac. Rd. Co.,* 192 Ark. 491, 92 S. W. 2d 392; *Mo. Pac. Rd. Co., Baldwin, et al, Trustees v. Westerfield,* 192 Ark. 558, 92 S. W. 2d 862; *Safeway Stores, Inc. v. Mosely* 192 Ark. 1059, 95 S. W. 2d 1136; *D. F. Jones*

*Const. Co., Inc.* v. *Lewis,* 193 Ark. 130, 98 S. W. 2d 874; *Loda* v. *Raines,* 193 Ark. 513, 100 S. W. 2d 973.

In a recent case the late Justice BUTLER, speaking for this court, said: "We agree with the appellants that the record seems to present a case where the preponderance of the evidence is against the verdict. A number of witnesses, who were present at the time of the alleged incident from which the injury is said to have grown, contradict in round terms appellee's testimony to the effect that no accident happened and the appellee was not injured as he contended. The verdict must rest on the uncorroborated testimony of the appellee. The question as to where lies the preponderance of the evidence is not for us to say. That is the duty of the trial judge, who, by his refusal to set aside the verdict, has set his seal of approval upon the truthfulness of the testimony given by the appellee. This conclusion, under settled principles of law, we are forced to adopt. We, therefore, treat the testimony of appellee as true and view it in the light most favorable to him, and if it appears from that testimony that there is substantial evidence to support the verdict, we, too, must approve it." *Norton & Wheeler Stave Co.* v. *Wright,* 194 Ark. 115, 106 S. W. 2d 178.

A case very much like the instant case was decided by this court and we said: "We think, under the rule of ordinary care to prevent injury to passengers, contended for by appellant as the correct rule, that there is ample evidence in the record to sustain the verdict and judgment. All the evidence tends to show that appellee slipped and fell upon a banana peel lying either upon the steps or floor of the vestibule. The fact that the porter cleaning up the vestibule and the conductor and "news-butch" failed to observe it a short time before arriving at Wister, does not conclusively establish the fact that the banana peel was not there and had not been there for some time. The jury might have reasonably inferred that it was negligently overlooked by all of them. A part of a banana peel is a small thing, and might easily have escaped the force of the broom in sweeping or the inspection of the "news-butch" and conductor through carelessness on their part, under the rule contended for by

appellant.'' *St. L.-S. F. Ry. Co.* v. *Daniels,* 170 Ark. 346, 280 S. W. 354.

In the case of *Mo. & N. A. Ry. Co.* v. *Johnson,* 115 Ark. 448, 171 S. W. 478, we said: ''We will not reverse the judgment because of the insufficiency of the evidence, for as we view this evidence, it is not physically impossible that appellee was injured as a result of stepping into an unblocked frog, although it is highly improbable that the injury was caused in that manner.''

The late Chief Justice HART, speaking for this court, said: ''In considering whether or not the court should have directed a verdict for the defendant, every fact and inference of fact favorable to the plaintiffs, which the jury might believe to be true, must be accepted as true, and every fact unfavorable to the plaintiffs which the jury might reject as untrue must be rejected.'' *Hines* v. *Betts,* 146 Ark. 555, 226 S. W. 165.

Under the rules announced by this court in the above cases the judgment must be affirmed. It is the established rule of this court that the jury and not this court determines the facts, and when they have done so, if there is any substantial evidence to support their finding, it cannot be disturbed by this court.

The judgment is affirmed.