DAVIS *v.* BULLARD.

5-2081                               333 S. W. 2d 481

Opinion delivered March 28, 1960.

*Charles F. Cole,* for appellant.

*Caldwell T. Bennett,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit for personal injuries and property damage growing out of a collision between an automobile owned and operated by appellee, Clarence J. Bullard, plaintiff in the trial court, and a heavily loaded trailer-truck owned by appellant, W. D. Bowers, and driven by his employee, Hu-

bert Davis. Appellee's complaint alleged the following specific acts of negligence personal to W. D. Bowers: "The defendant employer W. D. Bowers in stopping his tractor-trailer upon the traveled portion of the State Highway No. 69, without leaving sufficient room for safe passage of the plaintiff's vehicle upon the traveled portion of the highway; * * * in stopping his tractor-trailer upon the traveled portion of the State Highway No. 69, without leave (sic) a free and unobstructed view for a distance of 300 feet from the direction of the plaintiff's approach. * * * in allowing his headlights to remain on bright, while blocking the entire traveled portion of State Highway No. 69, with his vehicle, and that of his employee-defendant Hubert Davis." On proper instructions, including one under our comparative negligence statute [27-1730.2 Ark. Stats.] directing the jury to determine in its verdict the degree of negligence attributable to each of the two defendants, the jury found: "(A) That Clarence J. Bullard, the plaintiff had been damaged in the following amounts: A. Property damage $672.20 B. Personal Injury $36,000.00 (B) That the degrees of negligence found in the various parties are as follows: a. Hubert Davis-0- b. W. D. Bowers 65% c. Clarence J. Bullard 35%." In accordance with the verdict the court entered judgment for appellee, Bullard, against appellant, Bowers, in the amount of $23,836.90.

For reversal, appellant, Bowers, contends: "* * * that his liability, if any, is based upon the employer-employee relationship which existed between him and Mr. Davis. That since the jury found that Mr. Davis, appellant's employee, was not guilty of any negligence, the lower court erred in rendering judgment against Mr. Bowers, the employer and appellant here." Appellant's contention would be correct if no independent acts of negligence personal to Bowers were established. We announced this rule in the recent case of *Elmore, Admr.* v. *Dillard,* 227 Ark. 260, 298 S. W. 2d 338, where we said: "* * * a jury's verdict could not stand because of inconsistency where it found that a truck driver was not

negligent and at the same time returned a verdict against the driver's employer or principal where, as here, no independent acts of negligence have been established.'' In the present case, after a careful review of the record, we have concluded that there is some substantial evidence to warrant the finding of the jury that appellee had established independent acts of negligence on the part of Bowers apart from the employer-employee relationship between him and Davis.

Appellee, Bullard, a single man 25 years of age, testified, in effect, that he was driving his automobile on highway No. 69 westerly on his way to Batesville, Arkansas, from Newark, Arkansas, at about 6:30 P.M. The sun was down and his headlights were on; that he was going up a hill approaching a left curve at the crest of a hill and that as he drove his car over the crest, the headlights on a truck driven east by appellant, Bowers, blinded him and he drove into the rear of a westbound truck-trailer loaded with approximately 35,000 pounds of grain driven by appellant, Davis. Davis had stopped his truck just over the crest of the hill on the highway in the lane in which appellee was driving. Appellant, Bowers (Davis' employer), had stopped his truck almost opposite Davis' truck on the highway. Bullard was seriously injured by the collision and completely lost the sight of one eye. Appellee presented two eyewitnesses to the mishap. C. S. Sweet testified that he saw the collision, — that it was dusky dark. He saw the Davis truck come up the hill toward Batesville, westbound. Appellant, Bowers, was meeting him (Davis) eastbound and stopped his truck in the eastbound lane, opposite the Davis truck which was in the westbound lane. The headlights on Bowers truck were burning brightly — neither truck was on the shoulder of the road. There were no taillights on the eastbound (Davis) truck, — there was nothing to obstruct his view. Both trucks were completely stopped four or five minutes on the hard-surface portion of the highway. He saw Mr. Bowers out of his truck and at the side of the Davis truck. He saw only one man in the Davis truck. E. E. Dry tended to corrob-

orate Sweet. He testified that appellant, Bowers, was driving his truck eastbound and as he neared the crest of the hill and curve, he stopped his truck and another truck (the Davis truck) meeting him westbound. They were both stopped three, four or five minutes. The drivers got out. Bowers was stopped there on the road. A westbound car came over the hill from the east and hit the rear of the westbound truck (the Davis truck). Patrolman Wallace testified that Davis told him there was no one with him (Davis) at the time of the collision.

From the above evidence we hold that the jury was warranted in finding that Bowers, who was personally operating his own truck, was personally negligent in stopping it on the highway short of the crest of the hill as he did and in causing his employee, Davis, to bring his truck to a stop opposite Bowers' truck in such a manner as to partially block the highway at that point from three to five minutes, with his (Bowers) headlights burning and projecting so as to blind momentarily appellee as he drove his car west over the crest of the hill and into the rear of the Davis truck.

Under our long established rule, we must affirm the verdict of the jury when we find any substantial evidence to support it and, — "In testing the sufficiency of the evidence to support the verdict of a jury this court must view the evidence with every reasonable inference arising therefrom in the light most favorable to the appellee, and this court is bound by the most favorable conclusion that may be arrived at in support of the verdict rendered by the jury, and can only determine whether or not there was substantial evidence to support the verdict.

We have many times held that this court, on appeal, in determining the sufficiency of the evidence, will consider the evidence in the light most favorable to appellee and will indulge all reasonable inferences in favor of the judgment," *Missouri Pacific Transportation Co.* v. *Jones,* 197 Ark. 79, 122 S. W. 2d 613.

Accordingly, the judgment is affirmed.