Steinberg *v.* Ray.

5-2959                                    367 S. W. 2d 445

Opinion delivered May 6, 1963.
[Rehearing denied June 3, 1963.]

*Ben Lindsey, Harry Steinberg* and *Barber, Henry, Thurman & McCaskill,* for appellant.

*Charles A. Walls, Jr., Joe Melton* and *Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

FRANK HOLT, Associate Justice. This litigation is the result of a collision between two automobiles on September 4, 1961, near Jacksonville, Arkansas, resulting in the death of one of the occupants and injuries to the three others. One of the automobiles was driven by the appellee, T. F. McCarty. His wife, Virginia McCarty, was a passenger in his vehicle and suffered injuries causing her death. The appellant, Simon Steinberg, was driving the other vehicle and his wife, Ruth Steinberg, was accompanying him.

A suit was filed by appellee, Bernard Ray as Administrator of the Estate of Virginia McCarty, against Simon Steinberg in the Circuit Court of Lonoke County, Arkansas. Mr. McCarty also filed suit against Mr. Steinberg and Mrs. Steinberg in the same forum. Subsequently, counterclaims were filed by Mr. Steinberg and Mrs. Steinberg against Mr. McCarty. The cases were consolidated for trial. The Court granted Mrs. Steinberg's motion for a directed verdict on the complaint against her which was based upon the allegation of a joint venture. The Court overruled Mr. Steinberg's timely motions for a directed verdict on the complaints against him. The jury returned a verdict in favor of the appellee, T. F. McCarty, in the amount of $13,000.00 and in favor of the appellee, Bernard Ray, Administrator of the Estate of Virginia McCarty, in the amount of $1,300.00. Both verdicts were against Simon Steinberg who appeals. There is no cross-appeal.

Appellant relies for reversal on the refusal of the trial court to direct a verdict in his favor. Therefore, the only issue presented by this appeal is whether there was any substantial evidence to support the verdicts in favor of appellees.

The plaintiffs-appellees allege in their complaints that at the time of the accident appellee-McCarty was driving his vehicle on Highway No. 67 in a southerly direction and the defendant-appellant was entering U. S. Highway No. 67 from State Highway No. 161 on a curving upgrade approach at an unlawful and unreasonable rate

of speed and without yielding as required by law, colliding with McCarty's automobile and that the negligence of the appellant consisted of traveling at an excessive and unlawful speed; failing to keep a lookout; failing to yield the right-of-way; failing to keep his car under control and that the negligence of the appellant was the proximate cause of the accident. The Steinbergs denied these allegations.

To meet the burden of proving these allegations of negligence the appellees rely on the testimony of Olen Hutson, a Jacksonville City Policeman. He testified that he made an investigation following the accident and when he arrived on the scene he found both vehicles in the northbound traffic lane. McCarty's vehicle was found headed in a "northwesternly" direction and Steinberg's in a "northeasternly" direction. He testified that he could not "pinpoint" the point of impact. Further, he estimated McCarty's car to be a distance of ten feet from the point of impact and Steinberg's car about twelve feet from the point of impact on the right or east side of the northbound traffic lane and off the highway in the ditch. He testified that the Steinberg car had left approximately ninety feet of skid marks leading up to the point of impact. He placed the accident as being on Highway No. 67 at or a little north of the access or ingress road coming onto and merging with Highway No. 67. This is where the four-lane highway, No. 67, narrows or merges into two lanes. In response to the question if Hutson could determine by the physical facts where the Steinberg vehicle came from, he replied:

"No, sir, not definitely. I might say it appeared the Steinberg vehicle came off of the old highway on to the new highway."

On cross-examination he testified that at the time of the accident this access or ingress road, with a yield right-of-way sign, was limited to northbound traffic.

Appellee-McCarty, who was 71 years of age, was unconscious for two and a half weeks following the accident. He testified that he had no recollection as to how the accident happened. He testified that he was driving his automobile south from Cabot to Jacksonville and that:

"I was on Highway 67 and I was going that way and there was a road turning off to the left and we were trying to take that road, as far as I can remember now going to Jacksonville and that is all I remember."

Appellant, Steinberg, 62 years of age, denied that he entered No. 67 from the access or ingress road and testified he was already on Highway No. 67 going north, en route from El Dorado to Paragould, Arkansas, and that he was traveling between forty-five and fifty miles per hour as he was leaving the four-lane portion of the highway merging into two lanes; that he first noticed the McCarty car in its proper or southbound lane as it was meeting him and no other car was in sight; that as the two cars neared each other, McCarty pulled from his southbound lane across and into the northbound lane in front of him, whereupon he, Steinberg, applied his brakes and swerved to his right in an unsuccessful effort to avoid the collision. Mrs. Steinberg corroborated his testimony. Hugh Meeks testified that he witnessed the accident from a distance of about two hundred feet and his testimony tended to corroborate Mr. Steinberg's testimony.

We must view the evidence in this case and all reasonable inferences deducible therefrom in the light most favorable to the appellees and if there is any substantial evidence to support the verdict we must affirm it. *Arkansas Power & Light Co.* v. *Connelly,* 185 Ark. 693, 49 S. W. 2d 387; *Davis* v. *Bullard,* 231 Ark. 898, 333 S. W. 2d 481.

However, it is also our duty to determine the sufficiency of the evidence as a matter of law. *St. Louis Southwestern Ry. Co.* v. *Braswell,* 198 Ark. 143, 127 S. W. 2d 637. In this case we said:

"It would seem, however, that in any view to be taken, the issues are whether the evidence is substantial, and who is to judge of that quality. If this is not a question of law, then substantiality loses its significance, with the result that any testimony may suffice."

The burden rested upon the appellees to present proof from which could be adduced some substantial evidence on which the jury might find negligence on the part of

the appellant as alleged in appellees' complaints. The alleged negligence could be established either by direct or circumstantial evidence. Appellees earnestly and forcefully contend that the testimony of the investigating officer, Olen Hutson, is substantial in nature. We cannot agree. Juries are not permitted to base their verdicts on speculation and conjecture. *Kapp* v. *Sullivan Chev. Co.*, 234 Ark. 415, 353 S. W. 2d 5; *Superior Forwarding Co.* v. *Garner*, 236 Ark. 340, 366 S. W. 2d 290.

In the case at bar it is not shown by any factual evidence that the appellant, Steinberg, was negligent or that any negligence on his part was the proximate cause of the accident. The undisputed evidence in this case is that appellant, Steinberg, was proceeding north in his proper lane of traffic and that the appellee, McCarty, was proceeding south in his proper lane of traffic as they approached each other. McCarty admits he was trying to turn to his left and enter an access road. This ingress road was limited to northbound traffic. According to the physical facts in this case the Steinberg vehicle left ninety feet of skid marks behind it leading up to the point of impact and both vehicles came to rest in the northbound traffic lane, or in Steinberg's proper lane of traffic. There is no evidence whatsoever that Steinberg was ever out of his proper lane of traffic.

Further, at or near the scene of this accident there was a large sign visible to southbound traffic with an arrow and the words "Keep Right". This was the direction appellee, McCarty, was traveling.

According to the evidence in this case there is no proof of facts, nor can any reasonable inferences be drawn from the evidence, that establishes any substantial evidence that the appellant, Steinberg, was negligent or that any negligence on his part was the proximate cause of this collision resulting in injuries to the appellees.

We agree with the appellant that the Court should have granted his motions for a directed verdict. Therefore, the case being fully developed, the judgment is reversed and the cause dismissed.